UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PHILLIPS 66 COMPANY,<br><br>            Plaintiff,<br><br>    v.<br><br>ALEX R. BANANZADEH,<br><br>            Defendant.<br>AND RELATED COUNTERCLAIMS | No.  2:21-cv-01747-JAM-JDP<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS DEFENDANT'S COUNTERCLAIMS** |

Phillips 66 Company ("Plaintiff" or "P66") sued Alex R. Bananzadeh ("Defendant" or "Bananzadeh") for breach of contract and declaratory relief. See Compl., ECF No. 1.  Defendant filed a cross-complaint for breach of contract, interference with an advantageous business relationship, and violation of the Petroleum Marketing Practices Act (PMPA).  See Cross-Compl., ECF No. 14.

Plaintiff moves to dismiss all three of Defendant's counterclaims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  See Mot., ECF No. 25.  Defendant

1

opposes the motion. See Opp'n, ECF No. 26. Plaintiff replied. See Reply, ECF No. 27. For the reasons set forth below, the Court GRANTS Plaintiff's motion to dismiss.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Defendant owns and operates a gas station ("Station") in Vacaville, California. Cross-Compl. ¶¶ 1,3. Defendant owns 50% of the property with the other 50% held in trust by the Mokalla Family Revocable Trust 2013. Id. ¶ 2. In 2017, Defendant signed a ten-year Branded Reseller Agreement ("BRA") with Plaintiff P66 to buy and resell gasoline products under P66's trademark brand, Union 76. Id. ¶ 5; BRA at 3, Ex. 1 to Compl., ECF No. 1. Under the BRA, Defendant also granted P66 the option to purchase the Station if Defendant were to terminate the contract early. BRA at 28. The option would be exercisable within ninety (90) days of Defendant's notice of termination. Id.

On October 8, 2019, Defendant sent a ninety-day notice of termination to P66 per the notice requirements of the BRA. Cross-Compl. Cross-Compl. ¶ 20; BRA at 26; Email dated October 8, 2019, Ex. 6 to Motion for Preliminary Injunction ("MPI"), ECF No. 5-3. P66 acknowledged receipt of the termination notice and did not exercise its purchase option. Cross-Compl. ¶ 21; Email dated October 17, 2019, Ex. 3 to Compl., ECF No. 1. Defendant, however, continued to receive and sell P66 gasoline after the alleged termination in January 2020. Cross-

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for February 15, 2022.

2

Compl. ¶ 29.

Around the time of Defendant's notice of termination in 2019, Defendant entered negotiations with another franchise, Chevron Corporation ("Chevron"), to lease the property and rebrand the facility to sell Chevron gas. Id. ¶ 22. Negotiations collapsed in early 2020 but reopened in June 2021. Id. ¶¶ 23, 26. Defendant and Chevron signed a lease agreement on September 15, 2021. Id. ¶ 26. The lease "included a goodwill payment due within 10 days of Chevron's possession of $1,750,000 and an initial monthly lease payment of $17,500.00 per month." Id. On June 24, 2021, Defendant provided P66 with a notice of intent to rebrand from P66 to Chevron on October 4, 2021. Id. ¶ 28.

P66 took Defendant's notice to rebrand as a new notice of termination. Id. ¶ 31. On September 20, 2021, within ninety days of Defendant's June email, P66 sent notice of its intent to exercise its purchase option. Id. ¶ 35; Purchase Option Exercise Notice, Ex. 4 to Compl., ECF No. 1. P66 filed suit in this Court to enforce its contractual rights. See Compl. Defendant alleges that "[w]hen Chevron learned of the lawsuit, Chevron declined to take possession." Cross-Comp. ¶ 36. Defendant consequently filed counterclaims. See Cross-Compl.

On September 24, 2021, P66 filed a motion for a preliminary injunction against Defendant. See Mot. for TRO, ECF No. 5. Following a hearing on November 2, 2021, the Court granted a preliminary injunction against Defendant, enjoining him from transferring to any third-party any rights, interest, and/or title in the property at issue pending resolution of this case.

See Order, ECF No. 19.  P66 now brings this motion to dismiss Defendant's counterclaims.  See Mot.

## II.  OPINION

### A.  Legal Standard

Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When a plaintiff fails to "state a claim upon which relief can be granted," the Court must dismiss the suit.  Fed. R. Civ. P. 12(b)(6).  To defeat a motion to dismiss, a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility under Twombly requires "factual content that allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

"At this stage, the Court 'must accept as true all of the allegations contained in a complaint.'"  Id.  But it need not "accept as true a legal conclusion couched as a factual allegation."  Id.  Additionally, the Court should grant leave to amend, unless the "pleading could not possibly be cured by the allegation of other facts."  Cooks, Perkiss, & Leiche, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).

### B.  Analysis

#### 1.  Breach of Contract Claim

Plaintiff moves to dismiss Defendant's counterclaim for breach of contract.  Mot. at 3.  Under California law, the

elements of a breach of contract claim are: "(1) the existence of the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) the resulting damages to the plaintiff." McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d 1044, 1056 (C.D. Cal. 2014) (citing Oasis West Realty, LLC v. Goldman, 51 Cal. 4th 811, 820 (2011)). "Under the federal rules, a plaintiff may set forth the contract verbatim in the complaint or plead it, as indicated, by exhibit, or plead it according to its legal effect." Boland, Inc. v. Rolf C. Hagen (USA) Corp., 685 F. Supp. 2d 1094, 1102 (E.D. Cal. 2010). Plaintiff submitted the contract as Exhibit 1 to the complaint. Ex. 1 to Compl.

Defendant's counterclaim is based on two grounds: First, Defendant alleges that "P66 breached the amended BRA by interfering with [Defendant's] termination of the BRA;" Second, "P66 breached the amended BRA by preventing [Defendant] from rebranding the fuel facility." Cross-Compl. ¶¶ 49- 50. Both alleged breaches occurred in September 2021. Id. ¶ 35.

After reviewing the motions and Defendant's cross-complaint, the Court finds that Defendant has failed to state a claim for which relief may be granted. First, Defendant has failed to plead the first element of a breach of contract claim: "the existence of a contract." Fed. R. Civ. P. 12(b)(6); McVicar v. Goodman Glob., Inc., 1 F. Supp. 3d at 1056. When deciding a motion to dismiss, "the Court 'must accept as true all of the allegations contained in a complaint.'" Ashcroft, 556 U.S. 662, 678 (2009). Defendant alleges that the contract between Plaintiff and himself terminated in January 2020.

5

Cross-Compl. ¶ 29.  Defendant does not allege the existence of any other contract after January 2020.  See Cross-Compl.  Taking these allegations to be true, Plaintiff's actions after January 2020 cannot form the basis for a breach of contract claim, because according to Defendant, no contract existed at that time.  Second, assuming the amended BRA was the controlling contract in September 2021, the facts alleged do not establish that Plaintiff breached this contract.  Plaintiff's exercise of the Purchase Option cannot constitute a breach since the BRA expressly confirms this right.

Accordingly, this claim is dismissed for failure to state a claim for which relief may be granted under Rule 12(b)(6).  It is dismissed with prejudice because the Court finds that further amendment would be futile.  Deveraturda v. Globe Aviation Sec. Servs., 454 F.3d 1043, 1049 (9th Cir. 2006).

2. Interference With An Advantageous Business Relationship Claim

Plaintiff moves to dismiss Defendant's counterclaim for interference with an advantageous business relationship.  Mot. at 4.  Under California Law, the elements for such a claim are: "(1) a valid contract between plaintiff and a third party; (2) defendant's knowledge of this contract; (3) defendant's intentional acts designed to induce a breach or disruption of the contractual relationship; (4) actual breach or disruption of the contractual relationship; and (5) resulting damage."  Pacific Gas & Electric Co. v. Bear Stearns & Co., 50 Cal. 3d 1118, 1126 (1990) (collecting cases).

///

Reviewing the cross-complaint, the Court finds Defendant failed to adequately plead element three for this counterclaim, which requires facts showing Plaintiff's "intentional acts designed to induce a breach or disruption of the contractual relationship." Pacific Gas & Electric Co., 50 Cal. 3d at 1126. Although Defendant pled that "Chevron has declined to take possession in accordance with the lease," because "of actions taken by P66," Defendant failed to identify what those actions were or when they took place. Cross-Compl. ¶ 54. As Plaintiff points out, Defendant's second counterclaim indicates that the allegedly interfering conduct occurred before Defendant entered into any binding agreement with Chevron. Cross-Compl. ¶ 28. If that is the case, then Plaintiff's conduct was, by definition, non-interfering. Reply at 3, ECF No. 27. Additionally, the second counterclaim fails to allege any actionable interference. Plaintiff exercised a Purchase Option that was expressly provided under the BRA. As a matter of law, the exercise of a contractual right cannot constitute tortious interference. Ng v. Wells Fargo Foothill, LLC, Case No. CV 12-8942, 2016 WL 6661339 at *2 (C.D. Cal. Mar. 18, 2016).

Accordingly, Defendant's claim for interference with an advantageous business relationship is dismissed with prejudice. No further amendment of this claim is permitted as such amendment would be futile. Deveraturda, 454 F.3d 1043, 1049 (9th Cir. 2006).

        3.    Violation of the PMPA Claim

Plaintiff moves to dismiss Defendant's third counterclaim for violation of the Petroleum Marketing Practices Act. Mot.

7

at 6. Defendant alleges that Plaintiff violated its fiduciary duty to the Defendant under the PMPA "by breaching the amended BRA" and "by unreasonably delaying [exercising its purchase option]." Cross-Compl. ¶¶ 59-60.

The first element necessary for a claim for breach of fiduciary duty is "the existence of a fiduciary relationship." Roberts v. Lomanto, 112 Cal. App. 4th 1553, 1562 (2003). "The absence of any [element] is fatal to the cause of action." Pierce v. Lyman, 1 Cal. App. 4th 1093, 1101, (1991).

Defendant alleges that "[t]he PMPA creates an enforceable fiduciary relationship between [Defendant] and Plaintiff," but he fails to cite any case law or statute to support this assertion, and the Court need not "accept as true a legal conclusion couched as a factual allegation." Cross-Compl. ¶ 58; Opp'n at 7; Ashcroft, 556 U.S. at 678. Further, the weight of available authority rests against the assertion that the PMPA creates a fiduciary duty. See Glenside W. Corp. v. Exxon Co., U.S. A., a Div. of Exxon Corp., 761 F.Supp. 1100, 1115 (D. N.J. 1991) (collecting cases and noting that "the courts that have considered whether the PMPA creates a fiduciary relationship between a franchisor and franchisee have found that it does not"). Apart from the PMPA, Defendant does not allege any other source for a fiduciary relationship. See Opp'n.

Because the Defendant has failed to establish the first element for a claim for breach of fiduciary duty, the Court finds it appropriate to dismiss his third counterclaim. No further amendment of this claim is permitted as such amendment
///

would be futile.  <u>Deveraturda</u>, 454 F.3d 1043, 1049 (9th Cir. 2006).

### III.  ORDER

For the reasons set forth above, the Court GRANTS Plaintiff's Motion to Dismiss Defendant's First, Second, and Third counterclaims WITH PREJUDICE.

IT IS SO ORDERED.

Dated: April 5, 2022

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

9